IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D&K VENTURES, LLC,                                )
                                                  )
                    Plaintiff,                    )
                                                  )
    v.                                            )      Case No. 09-2084-JWL
                                                  )
MGC, LLC; HURST CONSULTING, LLC;                  )
AUSTIN HURST; and ZACHARY HURST,                  )
                                                  )
                    Defendants.                   )
                                                  )
_____)

## MEMORANDUM AND ORDER

In this action, plaintiff asserts claims against various defendants relating to a written agreement with defendant MGC, LLC ("MGC") by which plaintiff would invest money in, and receive income from, a multi-level marketing program. Plaintiff asserts statutory claims under the federal Securities Act, the federal Securities Exchange Act, and the Missouri Securities Act, as well as state-law tort claims for fraud and negligent misrepresentation. The matter presently comes before the Court on defendants' motion (Doc. # 15), pursuant to Fed. R. Civ. P. 12(f), plaintiff's allegations of written misrepresentations occurring on September 5, 2008, on the basis that plaintiff cannot have relied on such representations that occurred after plaintiff agreed to invest at a meeting on September 2, 2008, as plaintiff has alleged.

The Court previously granted defendants' motion to dismiss the tort claims in plaintiff's original complaint under Fed. R. Civ. P. 9(b) (Doc. # 13). *See D&K Ventures,*

*LLC v. MGC, LLC*, 2009 WL 1505539, *7-8 (D. Kan. May 27, 2009). The Court rejected plaintiff's argument that its tort claims could rest on representations made after its execution of the agreement, in light of the allegation that its injury arose from its reliance in entering into the agreement; thus, the Court ruled that plaintiff was required to plead the details of the alleged oral representations (and implicitly, must identify the date of its entering into the agreement) to satisfy Rule 9(b), and it granted plaintiff leave to amend its complaint. *See id.* In the amended complaint (Doc. # 14), plaintiff alleges that at a September 2, 2008, meeting its members agreed to invest in exchange for ownership in defendant MGC; nevertheless, plaintiff still alleges representations after that meeting, by e-mail on September 5, 2008, as a basis for fraud and negligent misrepresentation.

In light of the Court's prior ruling and these allegations in the amended complaint, defendants have moved to strike allegations of post-agreement misrepresentations under Rule 12(f). These allegations clearly do not meet the standard for such a motion, which is not the proper mechanism for challenging the legal viability of allegations. *See, e.g.*, *Mwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998) (setting out standard for motion to strike and noting that such a motion is not the appropriate method for challenging the factual basis for an allegation). It would appear that defendants are really arguing that plaintiff has failed to state a claim for misrepresentation based on the alleged post-agreement statements.

In its response brief, plaintiff alleges, among other facts, that the written

agreement signed by one member on September 2 was actually signed on behalf of a different entity, and that plaintiff was not substituted as an investor on a written agreement until after the September 5 misrepresentations. The amended complaint, however, contains no such allegations, but instead alleges that the members agreed on September 2 to invest on behalf of plaintiff.

Thus, defendants appear to have made a valid argument that, under the allegations of the amended complaint, plaintiff may not base its tort claims on the September 5 representations; but plaintiff has now alleged other, non-pleaded facts that would affect that argument. Defendants indicate in their reply brief that they offered to let plaintiff file yet another amended complaint to incorporate the new facts. Therefore, the Court orders as follows: Plaintiff is granted leave to file, on or before **August 21, 2009**, a second amended complaint, to which defendants may respond as appropriate. Defendants' present motion to strike is denied without prejudice. If plaintiff chooses not to file a second amended complaint, defendants are granted leave to assert its position regarding the single issue of the viability of claims based on the September 5 representations in a proper motion pursuant to Fed. R. Civ. P. 12(b)(6), filed on or before **September 8, 2009**.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to strike (Doc. #15) is **denied** without prejudice. Plaintiff is granted leave to file, on or before **August 21, 2009**, a second amended complaint. If plaintiff does not file such a

complaint, defendants are granted leave to file, on or before **September 8, 2009**, a motion pursuant to Fed. R. Civ. P. 12(b)(6) as set forth herein.

IT IS SO ORDERED.

Dated this 12th day of August, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
